## WORTHINGTON SAVINGS BANK v WORTHINGTON (village) (2 cases)

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2531 & 2532. Decided Nov 22, 1935

James W. Huffman, Columbus, and Claude J. Bartlett, Columbus, for plaintiff.

S. U. Robinson, Columbus, for Village Officials of Worthington.

Thomas H. Clark, Columbus, for defendant, The Worthington Savings Bank Co.

## OPINION

By BODEY, J.

In this case no notice at all was given to the depositor by the Common Pleas Court. The only notice was one published in a newspaper by the New Bank for four consecutive weeks, commencing on April 13, 1933. No provision for the filing of objections was entered by the Common Pleas Court. No order was made by the Common Pleas Court which was directly applicable to any securities or assets of the Old Bank which had been pledged as collateral. No objections to the procedure were filed by any of the officials of the village of Worthington. It must be conceded that neither the action of the Common Pleas Court nor that of the Superintendent of Banks, who selected the assets which were to be transferred to the New Bank, could foreclose the lien of the village of Worthington on the securities which it held as collateral for its deposits. Its interest in this collateral could only be determined after a full hearing with an opportunity to be heard. The language of the section above quoted can not be relied upon for the purpose of establishing consent on the part of the village officials to the release of its collateral. Neither do we believe that consent of the village is

evidenced by the fact that participation certificates were delivered by the Old Bank to the custodians of the two funds, and that those participation certificates were physically accepted by the custodians of the funds. If the sinking fund trustees and the village council had the power or the authority to accept these participation certificates and to release the lien of the securities held, it would be necessary that they act officially in a regular meeting or in a meeting called especially for that purpose. There is no evidence in this case that any such action was ever taken. On the contrary, the sinking fund trustees held their collateral intact until May 13, 1933, while the treasurer's securities were held intact until May 17, 1933. In the meantime, the attorney for the village had notified the New Bank in writing that the participation certificates to the extent of 15% of the deposits were not accepted. Under the contract of purchase of assets entered into between the New Bank and the Old Bank, a copy of which is in evidence, the New Bank, upon the consummation of transfer, became the absolute owner of all the securities held as collateral by the village officials of Worthington. In our view, of course, this ownership was at all times subject to the claims of the village as pledgee. It was entirely proper under such circumstances that the letter of remonstrance should be addressed to the New Bank which was claiming ownership. The fact that the communication was transmitted to the New Bank is no evidence of an admission on the part of the village officials as to that ownership. The fact that certain of the securities were exchanged on May 13th and May 17th, and thereafter, is likewise no admission of ownership superior to the rights of the village as pledgee. In our opinion no importance may be attached to the exchange of certain of these securities. While counsel for the New Bank contend that all of the old securities were surrendered to the New Bank when a substitution was made we are unable to so construe the transactions. No actual surrender ever took place, and it is our view that the lien of the village attached to the new collateral as well as to the old. It is also contended that the village officials by checking upon the two accounts which were opened in the New Bank by that institution have assented to the entire transfer and have thus precluded themselves from exercising any claim for the 15% of its original deposits except under the participation certificate. We do not believe that this contention is sound.

The release of assets to the New Bank by the Old Bank was a transaction consummated between those corporations. The village officials were not consulted or advised of the proposed action. If, by reason of that sale of assets, a benefit accrued to the village, such benefit might be accepted by the village to its fullest extent without compromising itself. This is exactly what was done. The village did not compromise itself or its claims against the Old Bank for the reason that it consented to nothing at all and at the same time it held possession of its collateral. The proof of such a state of facts does not establish a novation. The New Bank may not be heard to complain because it was fully cognizant of the fact that the village did hold certain assets purchased by it. The New Bank should have taken notice of the fact that it might be called upon to discharge the obligation for which the securities were collateral before it could obtain possession of them. We do not believe that the New Bank is entitled to relief as prayed for in the alternative. The reasons just set forth answer this claim of the plaintiff Bank.

In its cross-petition the village prays for an order of foreclosure, and for judgment for the two 15% balances due on its account. While no summons was served on either the New Bank or the Old Bank, each institution filed its pleadings and neither objected to the jurisdiction of the court over its person. The court had jurisdiction of the subject matter. We find as a matter of fact that there is due to the village in its general fund the sum of $3206.33 and its sinking fund the sum of $1565.24, which amounts bear interest at the rate of 1.1% from April 1, 1933. It will be the order of the court that, unless such amounts be paid to the proper village officials within three days from the entry of this decree, foreclosure process be issued. While the New Bank is not entitled to exoneration, it is entitled to be subrogated to the rights of the village in the two participation certificates issued to its officials.

An entry may be drawn denying to plaintiff the relief prayed for in its petition in each case and granting to the proper village officials in each case a decree of foreclosure as prayed for in the amended answers and cross-petitions. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.